WESTERN DISTRICT COURT
DIST. ARKANSAS
FILED
APR 10 2017
DOUGLAS F. YOUNG, Clerk
By_____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

ADRIAN MICHAEL FLORES                                    PLAINTIFF

vs.                          No. 17-5063

COUNTY OF BENTON, ARKANSAS;                    DEFENDANTS
SHAWN HOLLOWAY, individually and in his
Official Capacity as Sheriff for the
COUNTY OF BENTON; JAMES CHAMBERLIN,
individually and in his Official Capacity as a
DETECTIVE with and for the COUNTY OF BENTON;
BALTHAZAR MARTINEZ, individually and in his
Official Capacity as a DEPUTY with and for the
COUNTY OF BENTON; ANDY J. LEE, individually
and in his Official Capacity as a CAPTAIN with and for
the COUNTY OF BENTON; DAVID CORDEIRO,
individually and in his Official Capacity as a DETECTIVE
with and for the COUNTY OF BENTON; JAMES JOHNSON,
individually and in his Official Capacity as a DETECTIVE
with and for the COUNTY OF BENTON; SCOTT SULLIVAN,
individually and in his Official Capacity as a DETECTIVE
with and for the COUNTY of BENTON and JOHN AND JANE
DOE 1-10 individually and in their Official Capacity in
their roles as an Employees of the COUNTY OF BENTON
or another municipal agency.

## COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, ADRIAN MICHAEL FLORES, by and through his attorney

of record. William Whitfield Hyman of King Law Group, PLLC, and for his Complaint against

the County of Benton, Arkansas; Shawn Holloway, in his official capacity as Sheriff for the

County of Benton, Arkansas; Det. James Chamberlin, individually and in his official capacity as a Detective with the County of Benton; Dep. Balthazar Martinez, individually and in his official capacity as a Deputy with the County of Benton; Capt. Andy J. Lee, individually and in his official capacity as a Captain with the County of Benton; Det. David Cordeiro, individually and in his personal capacity as a detective; Det. James Johnson, individually and in his personal capacity as a detective; Det. Scott Sullivan, individually and in his personal capacity as a detective; and potentially ten (10) as of yet unnamed John and Jane Doe Defendants, individually and in their Official Capacity in their roles as an Employee of the County of Benton, would state and allege the following:

## PARTIES:

1. Plaintiff Adrian Michael is an adult citizen and resident of Lowell, Benton County, Arkansas, in the Western District of Arkansas, Fayetteville Division.

2. Benton County, Arkansas (hereinafter referred to as "Benton") is a county formed under the laws of the State of Arkansas and may be served with service of process through the County Attorney Nathan Smith at 102 Northeast 'A' Street, Bentonville, AR 72712

3. Defendant Shawn Holloway (formerly Kelley Cradduck and hereinafter referred to as Holloway) is currently employed by the County of Benton, Arkansas, as the elected Sheriff for Benton County Sheriff's Department, which was acting under color of State law.

4. Det. James Chamberlin (Hereinafter referred to as Chamberlin), was, at all times relevant to this cause of action, employed by the Benton County Sheriff's Office as a Detective and was acting under the color of State law.

5. Dep. Balthazar Martinez, (Hereinafter referred to as Martinez) was, at all times relevant

2

to this cause of action, employed by the Benton County Sheriff's Office as a Deputy and was acting under the color of State law.

6. Capt. Andy J. Lee, (Hereinafter referred to as Lee) was, at all times relevant to this cause of action, employed by the Benton County Sheriff's Office as a Captain and was acting under the color of State law.

7. Det. David Cordeiro (Hereinafter referred to as Cordeiro) was, at all times relevant to this cause of action, employed by the Benton County Sheriff's Office as a Detective and was acting under the color of State law.

8. Det. James Johnson (Hereinafter referred to as Johnson) was, at all times relevant to this cause of action, employed by the Benton County Sheriff's Office as a Detective and was acting under the color of State Law.

9. Det. Scott Sullivan (Hereinafter referred to as Sullivan) was, at all times relevant to this cause of action, employed by the Benton County Sheriff's Office as a Detective and was acting under the color of State Law.

10. John and Jane Doe 1-10, respectively, were each at all times relevant to this cause of action, employed by the County of Benton, and/or the Benton County Sheriff's Office and acting under the color of State law.

## JURISDICTION AND VENUE

11. This is a cause of action based upon the deprivation of federal civil rights under the United States Constitution, as codified in and 42 U.S. Code § 1983 and § 1985 Conspiracy to interfere with civil rights, including the Eighth Amendment, which protects against cruel and unusual punishment as well as excessive force, and the Fifth and 14th Amendments, which prohibit deprivation of life, liberty, or property without the

3

due process of law, the Sixth and 14th amendments which protect the right to an attorney and right to remain silent, the First and 14th Amendments, which guarantees the right to free speech, and peaceably assemble, the Fourth Amendment and 14th amendments, which protects against unreasonable warrantless searches and seizures, the Fifth and 14th amendments, which protect against due process violations and property takings violations, and the Second and 14th amendments which protect the right to bear arms and the failure of Benton County Sheriff's Department to train the officers on these fundamental rights and the pervasive culture, custom, or policy that allows these violations. This case also encompasses claims under State law, specifically deprivations of civil rights under Article II Sections 4 (freedom to peaceably assemble), 5 (right to bear arms), 6 (freedom of speech), 8 (Due Process in criminal and property matters), 15 (unreasonable searches and seizures) and 22 (just compensation for property takings) of the Arkansas Constitution as well as other rights not enumerated, the Arkansas Civil Rights act, codified at A.C.A. § 16-123-101, et seq.; failure to train; malicious prosecution and abuse of process.

12. That this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States, 42 U.S.C. § 1983 and 1985, and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202). This Court has supplemental jurisdiction over the Plaintiffs causes of action arising under Arkansas State law pursuant to 28 U.S. C. § 1367.

13. Venue lies in the United States District Court for the Western District of Arkansas under 28 U.S.C. § 1391(b) (2).

14. The Plaintiff, Mr. Flores, generally alleges that Defendants Chamberlin, Lee, Cordeiro,

4

Martinez, and the John and Jane Does violated his aforementioned rights when Defendants participated in the arrest and detention of the Plaintiff due to the Plaintiff's legal comments, actions, and inactions while Defendants engaged Mr. Flores in an illegal stop. This illegal stop resulted in a subsequent illegal search, illegal detention, and illegal seizure of property, baseless illegal charges. The illegalities were committed partially as a result of the policies and customs of the Benton County Sheriff's Department and Sheriff Kelley Cradduck, who has since been replaced by Sheriff Shawn Holloway. Mr. Flores also suffered abuse of process, malicious prosecution, and other civil rights violations by Benton County employees. Defendant Benton County is liable under the theories failure to train for the torts committed by Defendants Holloway, Chamberlin, Martinez, Lee, Cordeiro, Johnson, Sullivan, and John and Jane Doe 1 through 10.

## BACKGROUND

15.    The Plaintiff, Mr. Flores, was illegally arrested and wrongfully charged after Defendants Chamberlin and Martinez, under the direction and instruction of Defendant Lee, unlawfully stopped him for being in a parking lot at night while making a phone call and watching a violent police encounter across a five lane street in another parking lot. When asked a series of questions, including what he was doing there and to provide his driver's license, Mr. Flores had an innocent and lawful exchange of words that upset the police officers that resulted in the officers forcefully reaching into Mr. Flores's car, pushing Flores' out of the way, and opening Mr. Flores' car door. Defendants Chamberlin and Martinez then grabbed Mr. Flores, dragging him out of the car and pushing his face into the concrete. They put Mr. Flores in a double arm bar and cuffed him. The handcuffs were so tightly applied that it resulted in injury. Mr. Flores' car was searched, including

5

the trunk, and then impounded by the Sheriff's Department. Defendant Chamberlin and

Martinez then illegally arrested Mr. Flores and Defendant Cordeiro then transported Mr.

Flores to the Benton County Jail where he was further abused and was illegally held for

many hours.  Detectives Johnson and Sullivan were also present at the arrest scene and

complicit in the illegal arrest.  Although the Defendants had Mr. Flores' Driver's License,

they still demanded he verbally give answers to several questions that they knew the

answer the answer to, even after Mr. Flores invoked his right to remain silent and

requested an attorney and a phone call.  When Mr. Flores initially refused to provide his

Social Security Number out of privacy concerns, he was told they would have to put him

in the holding cell in limbo until he was able to provide that information and he would be

unable to call an attorney or bailbondsman or make a phone call until after he provided

that information. After a few minutes Mr. Flores provided his Social Security Number

but was still not allowed to make a phone call to an attorney or a bailbondsman in

retaliation for his refusal to provide the sensitive Social Security Number and his general

legal yet uncooperative interactions with the police thus far.  During this time, Mr.

Flores' parents and church members were trying to get him bonded out or at least talk to

him, however they were denied those requests. The next morning, Defendant Martinez

escorted Mr. Flores to an interview room, even though Mr. Flores asked to be

Mirandized, Defendant Martinez told him that was not legally required and proceeded to

ask a series of questions about the case. Mr. Flores' property, most importantly a firearm,

was illegally seized and not returned until after the disposition of the case.  Eventually,

Mr. Flores retained private counsel, had a several hour long trial in Rogers District Court

where he was found guilty, and then he paid fines and fees to appeal his case to Benton

County Circuit Court where a suppression hearing was held on a suppression motion that was sustained, and Mr. Flores was found not guilty. For both trials the Defendant asked for evidence in his criminal case through the discovery process as well as the Freedom of Information Act, some of which was never provided, namely recorded audio and dashcam footage of Mr. Flores and his statements at the scene and in the interview room at the jail. Mr. Flores was told by the officers that he could not legally carry a firearm and was charged with the crime of Carrying a Weapon (in addition to Loitering, Resisting Arrest, and Obstructing Governmental Operations), and even though that was false and all of the charges were baseless, Mr. Flores was unable to carry the firearm that was seized at all during the course of his criminal prosecution from April 14th 2014 to July 30th 2015 and has yet to carry a firearm in his vehicle or in public since this incident due to the officers' chilling effect on his right to bear arms.

16. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and 14th Amendments to the United States Constitution to be free from unlawful and unreasonable seizures, arrests, and detentions.

    b. Violation of his constitutional rights under the Second and 14th Amendments to the United States Constitution concerning the right to bear arms.

    c. Violation of his constitutional rights under the Eighth and 14th Amendments to the United States Constitution not to be subjected to excessive force or cruel retaliatory punishment during the course of an arrest, investigatory stop, or other "seizure" of a free citizen;

d.  Violation of his constitutional rights under the Fifth and 14th Amendments to the United States Constitution to not be deprived of liberty or property without due process of law or just compensation, as well as the right to remain silent without retaliation and to be provided evidence requested in a criminal case;

e.  Violation of his constitutional rights under the Sixth and 14th Amendments to the United States Constitution to have the right to assistance from an attorney who is provided all of the discovery which was requested.

f.  Violation of his constitutional rights under the First and 14th Amendment to the United States Constitution not to be punished for utilizing his Right to Free Speech or his right to peaceably assemble.

g.  Violation of his statutory rights under 42 U.S.C. § 1983 and § 1985 to not be wrongfully deprived of any rights, privileges, or immunities secured by the Constitution and laws by another who is acting under the color of any statute, ordinance, regulation, custom, or usage of any State;

h.  Violation of his statutory rights under A.C.A. § 16-123-105 to not be wrongfully deprived of any rights by another who is working under color of any statute, ordinance, regulation, custom, or usage of a political subdivision of the State of Arkansas;

i.  Intentional, offensive and harmful contact with Mr. Flores' body;

j.  Defendants' actions resulted in criminal charges against Plaintiff, which were wrongfully instituted.

k.  Defendants' actions resulted in a chilling effect on Plaintiff's right to bear arms.

l.  Defendants' actions resulted in the expenditure of attorney's fees and court costs.

8

m. Defendant's actions resulted in the expenditure of towing and impound fees.

n. Defendants' actions resulted in missed work and time wasted at trials and in jail.

o. Defendant's violated Plaintiff's rights in the Arkansas Constitution enumerated under Article II Sections 4 (freedom to peaceably assemble), 5 (right to bear arms), 6 (freedom of speech), 8 (Due Process in criminal and property matters), 15 (unreasonable searches and seizures) and 22 (just compensation for property takings).

p. Defendant Benton County failed to train the officers and allowed a custom or policy of these Constitutional violations to permeate the department.

q. As well as other unenumerated injuries and causes of action.


## COUNT I:  FEDERAL CIVIL RIGHTS VIOLATIONS

17. Plaintiff incorporated by reference the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

18. All Defendants, through their unlawful and unethical conduct, deprived the Plaintiff of clearly established rights and privileges as guaranteed under the United States Constitution, in violation of 42 U.S.C. § 1983 and §1985.

19. The acts of Defendants are part of a pattern of conduct at the Benton County Sheriff's Department or under direction of a policy maker, as evidenced by the amount of employees involved, the number of Constitutional violations that occur on the same grounds, the continued prosecution by the Benton County Prosecutor's Office, and other conversations, policies, and facts not enumerated.

20. Violating the plaintiff's First and 14th Amendment rights, by retaliating against him for assembling to observe a police encounter, detaining and arresting him for allegedly provocative yet legal answers to police questioning, punishing him for allegedly being a member of "CopBlock.org" a group that records or observes police encounters for accountability purposes, and for other facts not enumerated.

21. Violating Plaintiff's constitutional rights under the Fourth and 14th Amendments to the United States Constitution for illegally seizing the plaintiff and requesting his driver's license without reasonable suspicion, probable cause or a warrant, for searching the plaintiff's person and vehicle without the same, and for booking the client into jail illegally and for other facts not enumerated.

22. Violating Plaintiff's constitutional rights under the Second and 14th Amendments to the United States Constitution concerning the right to bear arms by charging him with the crime of Carrying a Weapon without cause, by seizing Plaintiff's firearm and knives for the duration of the criminal charges, and for incorrectly informing the plaintiff that it was illegal to carry a firearm, and for other facts not enumerated.

23. Violating Plaintiff's constitutional rights under the Eighth and 14th Amendments to the United States Constitution by forcing Mr. Flores out of the car, slamming him onto the concrete, and applying the handcuffs too tightly, all of which caused injury to the Plaintiff. In addition, Mr. Flores suffered cruel retaliatory treatment at the jail by keeping him in the intake tank as opposed to a cell due to his invocation of Constitutional rights, and for other facts not enumerated.

24. Violating Plaintiff's constitutional rights under the Fifth and 14th Amendments to the United States Constitution to not be deprived of liberty or property without due process

of law or just compensation, as well as the right to remain silent without retaliation and to be provided evidence requested in a criminal case; and for other facts not enumerated.

25. Violating Plaintiff's Sixth and 14th Amendment rights by not providing the discovery requested for a trial which caused him to have to pay appeal fees and costs, such as recordings or statements made by the defendant at the scene and at the Benton County Jail.

## COUNT II: SECTION 1983 COUNTY LIABILITY FOR FAILURE TO TRAIN AND FOR A CUSTOM OR POLICY OF UNCONSTITUTIONAL BEHAVIOR

26. Plaintiffs incorporates by reference the allegations in paragraphs 1 through 47 as if set forth fully herein.

27. Defendant Holloway and the Benton County Sheriff's Department have a duty to ensure that officers are properly trained and equipped and to ensure that unqualified officers are removed from the police force. With knowledge of the risks and consequences, Defendants Chamberlin, Martinez, Lee, Cordeiro, Johnson, and Sullivan in conjunction with Defendant Holloway, failed to take reasonable steps to assure the public would not be harassed, injured, harmed, or subjected to violations of their civil rights by officers of the Benton County Sheriff's Department.

28. The conduct of Defendants in disregarding their duties and responsibilities, further justifies an award of punitive damages to punish this conduct and to deter similar conduct in the future.

29. Defendant Holloway and Defendant Benton County failed to properly train the officers involved regarding proper stops and seizures and the use of force therein.

30. There has been a custom of Benton County to allow police to conduct improper,

11

negligent, or otherwise insufficient stops and searches of citizens wrongfully detained, arrested, or otherwise taken into custody.

31. The failure of Defendant Holloway, and Benton County to properly train officers in the conduct of stops and seizures constitutes deliberate indifference to the rights of persons with whom the officers come in contact, including, but not limited to, Mr. Flores.

32. Defendants Holloway, and Benton County disregarded the known and obvious risks and consequences of failing to properly train officers of the Benton County Sheriff's Department, including Defendant Chamberlin, Martinez, Lee, Cordeiro, Johnson, Sullivan and other potential defendants who participated in this case.

33. Defendant Holloway and Benton County failed to properly train their officers, including but not limited to Defendants Chamberlin, Martinez, Lee, Cordeiro, Johnson, and Sullivan, regarding the proper use of force within the context of the Fourth and Eighth Amendments (as well as all other rights) and similar provisions of the Arkansas Constitution.

34. The failure of Defendant Holloway and Benton County to properly train officers in the use of force constitutes deliberate indifference to the rights of persons with whom the officers come in contact, including, but not limited to, Mr. Flores.

35. Defendants Holloway and County of Benton demonstrated deliberate indifference to the known and obvious risks and consequences of failing to properly train officers of the State Police and Sheriff's Department in the use of force, including Defendants Chamberlin, Martinez, Lee, Cordeiro, Johnson, Sullivan, and other yet-to-be-named Defendants.

36. As a direct and proximate result of Defendants' conduct, Mr. Flores suffered injuries and

damages, including, but not limited to physical and emotional trauma, attorney's fees, towing and impound fees, time wasted, and forbidden access to his personal property.

## COUNT III: VIOLATION OF PLAINTIFF'S STATE CIVIL RIGHTS

37. Plaintiff incorporates by reference the allegations contained in Paragraphs one through 47 as if fully set forth herein.

38. Defendants' joint and individual actions as alleged herein violated Plaintiff's rights under Article II, §§ 4, 5, 6,8, 9, 15, 22, of the Arkansas Constitution and the Arkansas Civil Rights Act, codified at Ark. Code Ann. §§ 16-123-101 through -108, to be free to exercise his speech and peaceably assemble, to be free from unreasonable search and seizure, cruel and unusual punishment, and excessive force, to not be illegally denied exercise over personal property, to keep and bear arms and to not have that right chilled, and to be afforded due process of law, in all of the same ways that the Plaintiff was injured under his federal civil rights claims as well as facts not yet enumerated.

39. Plaintiffs rights were clearly established under State law at the time of the alleged violations, and Defendants' individual and joint actions were not in furtherance of a legitimate State interest.

40. Defendants' actions were malicious, willful, and wanton deprivations of Plaintiffs' rights, shocking to the conscience of ordinary citizens, and are sufficient to justify an award of punitive damages.

41. Actions of Defendants Chamberlin, Martinez, Lee, Cordeiro, Johnson, and Sullivan alongside the acts of Defendants John/Jane Doe 1 through 10, and Defendant Holloway were part of a pattern of conduct at the Benton County Sheriff's Department.

42. Defendants Chamberlin, Martinez, Lee, Cordeiro, Johnson, Sullivan, and other yet-to-be-

named Defendants were present on the scene at times during one another's conduct as outlined herein. These Defendants each failed to take any action which would have prevented, stopped, or otherwise discouraged the violation of Plaintiff's rights as outlined herein and appear to have furthered the conspiracy to deprive Mr. Flores of his rights.

43. Benton County clearly had a policy or custom to deny these basic rights.

## COUNT IV: MALICIOUS PROSECUTION AND/OR ABUSE OF PROCESS

44. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

45. After wrongfully arresting the Plaintiff, Defendant County of Benton then wrongfully instituted criminal charges against Plaintiff.

46. These charges were wrongfully filed in a veiled attempt to protect Defendants Chamberlin, Martinez, Lee, Cordeiro, Johnson, Sullivan and the John Does from civil prosecution and liability for the extreme, outrageous, and willful and wanton actions committed during Plaintiff's unlawful arrest.

## CONCLUSION

47. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered the injuries and damages described hereinabove.

48. The conduct of each of the Defendants was such that each knew or should have known that their conduct would naturally and probably lead to injury or harm, and they continued that conduct in conscious and reckless disregard of the consequences from which malice can be inferred.

49. At all times relevant herein, Defendant Holloway and Defendants Chamberlin, Martinez, Lee, Cordeiro, Johnson, Sullivan, and the John and Jane Does were agents, servants, or

14

employees of the Defendant County of Benton or another municipal government agency, respectively, and all operated under the color of state law within the scope of their employment, service, or agency.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and against Defendants, individually and jointly, as follows:

a.   Compensatory and punitive damages in an amount to be determined at trial, to include damages available under Arkansas Code Annotated §16-62-102;

b.   Damages for physical pain and suffering, and mental anguish; damages for attorney's fees and court costs in the related frivolous criminal case; damages for towing and impound expenses and other damages not enumerated here;

c.   Pre- and post-judgment interest as permitted by law;

d.   All attorneys' fees and costs incurred herein, as permitted under federal and state law, including 42 U.S.C. §1988; and,

e.   All such other relief as this Court may find just and equitable.

Plaintiffs demand a trial by jury.

Respectfully Submitted,

Adrian Michael Flores, Plaintiff

By:      _____/s/ W. Whitfield Hyman/s/_____
William Whitfield Hyman, ABA 2013-237
King Law Group, PLLC
300 N. Sixth Street

15

Fort Smith, AR 72901
(479) 782-1125 Phone
(479) 316-2252 Fax
email@arkansaslawking.com

## **AFFIDAVIT**

Comes now the undersigned and solemnly swears that the following facts and

information are true and correct to the best of his knowledge and belief:

1.  I am the attorney for the Plaintiff in the attached pleading

2.  Neither me nor my client knows the identity of the John/Jane Does 1-10 designation as
    set forth in the pleading.

3.  Upon determining the identity of the unknown party responsible for the injuries and
    damages sustained by Plaintiffs, I will timely amend the Complaint to specifically
    designate the name of the unknown party.

4.  This Affidavit is filed in accordance with Federal Rule of Civil Procedure 15(c).

William Whitfield Hyman

## **VERIFICATION**

STATE OF ARKANSAS              )
                                            )SS
COUNTY OF SEBASTIAN        )

I, William Whitfield Hyman, state upon oath that the facts and allegations contained in the
foregoing affidavit are true and correct to the best of my knowledge, information, and belief.

William Whitfield Hyman