IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ADRIAN MICHAEL FLORES**                                        **PLAINTIFF**

VS.                          NO. 5:l7·CV-05063-TLB

**COUNTY OF BENTON,  ARKANSAS;**
**JAMES CHAMBERLIN; BALTHAZAR MARTINEZ;**
**ANDY J. LEE; DAVID**
**CORDEIRO; et al.**                                              **DEFENDANTS**

## FIRST SET OF REQUESTS FOR ADMISSION TO SEPARATE DEFENDANT DAVID CORDEIRO BY PLAINTIFF ADRIAN FLORES·

Come now Adrian Flores,  submits the following Requests for Admissions to Defendant David Cordeiro to FRCivP Rule 36.

### INSTRUCTIONS

If David Cordeiro (hereafter the referred to as Defendant) fails to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36. As is more fully set out in Rule 36(a), the Defendant must admit or deny each request, and, where necessary, specify the parts of each request to which it objects or cannot in good faith admit or 2 deny. If the Defendant objects to only part of a Request, it must admit or deny the remainder of the Request. In the event that the Defendant objects to or denies any Request or portion of a Request, the Defendant must state the reasons for its objection or denial. These Requests shall be deemed continuing and supplemental answers shall be required if Defendant directly or indirectly obtain further information after Defendant's initial response as provided by FRCivP Rule 26(e). Each Request solicits all information obtainable by Defendant, from Defendant's attorneys, investigators, agents, employees and representatives. If Defendant answer a Request on the basis that Defendant lack sufficient information to respond, describe any and all efforts Defendant made to inform Defendants of the facts and circumstances necessary to answer or respond.

### DEFINITIONS

1. The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

2. The term "document" means and includes without limitation all correspondence, memoranda, certificates, notes, books, manuals, pamphlets, brochures, advertisements, books of account, balance sheets, financial statements, profit and loss statements, working papers,

schedules, diaries, calendars, logs, time records, equipment records, microfilms, transcripts, recordings, tapes, telexes, telegrams, files, proposals, bids, offers, contracts, agreements, change orders, worksheets, drawings, blue prints, designs, specifications, time cards, compilations, graphs, charts, bills, statements, invoices, receipts, bills of lading, shipping records, confirmations, applications, purchase orders, checks, checkbooks and other checking records, photographs, formulae, prescriptions, studies, projections, reports, computer programs, information contained in computer banks, tapes, 3 cards, printouts and drafts to the extent they differ from the originals, and all other records and papers of any nature whatsoever.

      3. Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts. The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.

      4. As used herein, "Plaintiff" means, unless otherwise indicated, Adrian Flores.

      5. As used herein, "Defendant", shall be deemed to include David Cordeiro, as well as their agents, attorneys, representatives or any other person acting on their behalf or on behalf of any one of them.

**First Set of Admissions, Request 1.** Admit that Defendant testified truthfully at the Benton County Circuit Court suppression hearing in Adrian Flores' criminal case regarding his April 11th-12th, 2014 arrest, 04CR-14-1675.

**First Set of Admissions, Request 2.** Admit that Defendant testified accurately at the Benton County Circuit Court suppression hearing in Adrian Flores' criminal case regarding his April 11th-12th, 2014 arrest, 04CR-14-1675.

**First Set of Admissions, Request 3.** Admit that every police report the Defendant has written regarding Adrian Flores' and Misael Lopez's April 11th-12th, 2014 arrest was truthful.

**First Set of Admissions, Request 4.** Admit that every police report Defendant has written regarding Adrian Flores' and Misael Lopez's April 11th-12th, 2014 arrest was accurate.

**First Set of Admissions, Request 5.** Admit that Misael Lopez was not suspected of committing a felony at the time of his April 11th-12th 2014 rest.

**First Set of Admissions, Request 6.** Admit that to Defendant's knowledge Misael Lopez was not guilty of committing a felony on April 11th-12th 2014.

**First Set of Admissions, Request 7.** Admit that to Defendant's knowledge Benton County Circuit Court Judge Brad Karren found that there was no reasonable suspicion or probable cause to detain Adrian Flores on April 11th-12th 2014 during case 04CR-14-1675.

**First Set of Admissions, Request 8.** Admit that to Defendant's knowledge Benton County Circuit Court Judge Brad Karren was the former District Court Judge for Benton County District Court, Rogers Division.

**First Set of Admissions, Request 9.** Admit that to Defendant's knowledge the reason for Defendant's detention of Adrian Flores' on April 11th-12th 2014 was not because he was a witness of a crime.

**First Set of Admissions, Request 10.** Admit that to Defendant's knowledge the reason for Adrian Flores' detention on April 11th-12th 2014 was that Defendant suspected him of "running" narcotics associated with Misael Lopez.

**First Set of Admissions, Request 11.** Admit that to Defendant's knowledge James Chamberlain, Andy Lee, and Balthazar Martinez had no reason to believe that prior to their contact with Mr. Flores, that Adrian Flores was destroying or stealing and property, other than the fact that he was in the parking lot of Credit Cars late at night.

**First Set of Admissions, Request 12.** Admit that to Defendant's knowledge the reason for James Chamberlain's, Andy J Lee's, or Balthazar Martinez's contact with Adrian Flores' on April 11th-12th 2014 was not because Adrian was a witness of a crime.

**First Set of Admissions, Request 13.** Admit that to Defendant's knowledge the reason for Adrian Flores' questioning on April 11th-12th 2014 was that James Chamberlain, Balthazar Martinez, or Andy J. Lee suspected Adrian of "running" narcotics associated with Misael Lopez.

By:   __/s/Whitfield Hyman/s/_

W. Whitfield Hyman

PLAINTIFF'S COUNSEL

ArkBaR 2013-237

300 N 6th Street

Fort Smith, Arkansas 72901

William.Hyman@gmail.com

Cell: 901-413-2625

Fax: 479-316-2252

**Certificate of Service**

I, Whitfield Hyman, state that I have filed this electronically and served it upon the counsel of record.

   <u>　/s/Whitfield Hyman/s/　</u>